BRICE S. EVANS *vs.* GEORGE F. WALL & another.

Suffolk.    March 27, 28, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Insolvency — Equitable Attachment — Interest of Creditors in Income of Cestui que Trust.*

The interest of an insolvent debtor in property held for him in trust, under a will which provides that "the income thereof as it shall become due and payable" shall be paid over to him "for and during his life," may be reached by his assignee in insolvency.

In proceedings to reach and apply the interest of an insolvent debtor in property held in trust for him under a will which authorizes the trustee, "in addition to said income, . . . to pay over any part of the principal sum " to the debtor " when he shall regard such payment wise and expedient, and demanded by the needs and necessities of the beneficiary," and at the death of the beneficiary to pay over the principal, if any part remains unexpended, to third persons absolutely, the possible remaindermen have no such interest as requires that they should be made parties to the bill, and a suggestion by the defendants that they should be so joined will not be considered when made for the first time at the argument in this court.

BILL IN EQUITY, filed in the Superior Court on August 15, 1892, by the assignee in insolvency of Sarah E. Balcom, an insolvent debtor, against her and George F. Wall, as trustee under the will of James H. Wall, to reach and apply the income payable under the will to Mrs. Balcom.

The will of James H. Wall was duly admitted to probate, and by item 9 thereof he gave to his son George F. Wall one thousand dollars, in trust, to pay over the income thereof to the testator's brother, Caleb A. Wall, during his life. He then directed that, " in addition to said income, said trustee is authorized to pay over any part of the principal sum, at any time, to the said Caleb A. when he shall regard such payment wise and expedient; but in no event shall any part of said principal or income be used for the payment of his debts, or any liabilities which may be outstanding at the time of my decease."

By item 14, he gave to George F. Wall five thousand dollars, in trust, " for the following uses, purposes, and objects, and none other whatsoever, to wit: . . . The income thereof, as it shall become due and payable, and be received by him, to pay over to my daughter Sarah Elizabeth Balcom, formerly the wife of Sumner W. Balcom, for and during her life. In addition to said income said trustee or his successor is hereby authorized to pay over any part of the principal sum at any time to the said Sarah Elizabeth Balcom, when he shall regard such payment wise and expedient, and demanded by the needs and necessities of the beneficiary."

By item 15, he gave to George F. Wall five thousand dollars, in trust, to pay over the income to his daughter Emma Isabella Connell, " if in the exercise of a wise discretion it shall seem to him proper so to do. In addition to said income, said trustee or his successor is hereby authorized and empowered to pay over any portion of the principal at any time to the said Emma Isabella Connell, as in his opinion her needs require it. It being my object to put the disposition of this trust fund, principal and interest, in the hands of said trustee, to be used for the benefit of my said daughter Emma Isabella Connell, at his discretion."

Item 16 was as follows: " I have been much perplexed and disturbed as to how I can in justice provide for the two youngest children of my daughter Emma Isabella Connell, as I cannot,

owing to their tender years, fully judge what their future will be, and I consider that the future of the oldest son will clearly be of such a nature that I cannot conscientiously provide for it. In not providing for the two youngest, Edith and Arthur, I may possibly be doing a great injustice, and that I wish to avoid. Therefore, I give and bequeath unto George F. Wall the sum of five thousand dollars, to have and to hold the same to him and his legal representatives, in trust, however, for the following uses, purposes, and objects, and none other whatsoever, to wit: . . . . 2. The income thereof, as it shall become due and payable, and be received by him, to pay over to these two children, Edith and Arthur, not necessarily share and share alike, but to one or both of them in such proportions as he shall deem proper, and according to their respective merits, he himself, the said George F. Wall, trustee aforesaid, being the sole and only judge of their respective merits, and his decision to be unquestioned."

By item 17, in addition to a bequest of five thousand dollars to his wife, Elizabeth, he gave to her, for her sole and separate use and in lieu of dower, one third of all his personal property, and then gave to the Boston Safe Deposit and Trust Company one third of his real estate in trust to pay over quarterly all the rents, profits, issues, and incomes thereof, after deducting all reasonable and proper charges, to his wife, Elizabeth Wall, for her own use.

By item 18, clause 2, all the residue of his estate, real, personal, or mixed, he gave to the Boston Safe Deposit and Trust Company, in trust, to pay over all the rents, profits, issues, and income thereof, after deducting all reasonable and proper charges, to his children, George F. Wall, James H. Wall, Jr., and George F. Wall, "as he will be trustee for my daughter Sarah Elizabeth Balcom, in terms to be hereinafter set forth, and George F. Wall, as he will be trustee for my daughter Emma Isabella Connell, in terms to be hereinafter set forth, in even and equal portions, one fourth to each, for and during the lives and the life of the survivor of them, and likewise during the life of the said Sarah Elizabeth Balcom and Emma Isabella Connell and the survivor of them, the child or children of either of them deceased to receive the portion which would

have belonged to said deceased child, saving and excepting the child or children of Emma Isabella Connell, until the decease of the last surviving one of my said four children, George F. Wall, James H. Wall, Jr., and Sarah Elizabeth Balcom, and Emma Isabella Connell."

By item 20, he gave to George F. Wall a fourth part of the rents, profits, issues, and income mentioned in section two of item eighteen, in trust, to pay over the income arising therefrom to his daughter Sarah Elizabeth Balcom for and during her life, at his discretion. " If at any time it shall seem to my trustee expedient to pay over to my said daughter Sarah Elizabeth Balcom any portion of the accrued principal resulting from the reception and retention or investment of the fourth part of the rents, issues, and profits above referred to, to relieve her necessities or lighten her burdens, he is hereby authorized so to do."

By item 21 he gave to George F. Wall a fourth part of the rents, profits, issues, and income mentioned in the second section of item 18, in trust, to pay over the income arising therefrom to his daughter Emma Isabella Connell "for and during her life, at his discretion. If at any time it shall seem to my trustee expedient to pay over to my said daughter Emma Isabella Connell any portion of the accrued principal resulting from the reception and retention or investment of the fourth part of the rents, issues, and profits above referred to, to relieve her necessities or lighten her burdens, he is hereby authorized so to do."

Item 22 was as follows : " I have made my will carefully, and after mature deliberation and reflection, and the provisions therein contained have been carefully weighed and considered by me, and as it stands it is the expression of my will and my wishes in regard to the disposition of my property after my decease, and so convinced am I that it is just and prudent in its provisions, that I hereby order and direct that any one of my legal heirs who shall attempt to break this instrument shall be deprived of his or her share under the provisions hereof."

The defendants demurred to the bill for want of equity, and answered denying that there was any accrued income or interest of the five thousand dollar fund bequeathed to the defendant Wall in trust, under the will of James H. Wall.

The Superior Court overruled the demurrer, and made a decree for the plaintiff, directing the trustee to account with the plaintiff for all income then and thereafter due and payable upon the fund of $5,000 by him held in trust, until the plaintiff, as assignee, should have received a sum of money which, together with any other assets of the insolvent estate, should be sufficient to pay all claims proved against the estate, with interest thereon at six per cent, together with the costs of the insolvency proceedings and of this suit. The defendants appealed to this court.

*H. E. Hill & W. G. Thompson,* for the defendants.

*J. Prentiss,* for the plaintiff.

ALLEN, J. The defendants at the argument in this court contend that those who, at the decease of Mrs. Balcom, will be entitled to the principal of the trust fund, or to such part thereof as shall then remain unexpended or unpaid, ought to have been made parties to the bill. This objection was not taken by demurrer, plea, answer, or otherwise in the Superior Court, but is presented for the first time, and, so far as appears, without previous notice to the plaintiff, in the argument here. Under such circumstances the objection is entitled to no consideration, unless it appears that a decree for the plaintiff cannot be rendered without joining new parties. *Jewett* v. *Tucker,* 139 Mass. 566, 578. It is obvious, upon an examination of the provisions on which the rights of the possible remaindermen depend, that they have no interest which is entitled to be represented in court. The trustee is " authorized to pay over any part of the principal sum at any time to the said Sarah Elizabeth Balcom, when he shall regard such payment wise and expedient, and demanded by the needs and necessities of the beneficiary." If the trustee by virtue of this authority were proposing to make a payment to her from the principal, he would not be bound to consult them, nor would they have any right to be heard before him, or to ask the court to interpose and regulate or control such payment. The only interest which they have consists in the power or privilege of receiving so much of the principal of the trust fund as at her decease may remain unexpended or unpaid. *Williams* v. *Bradley,* 3 Allen, 270, 281. Such possible interest is sufficiently represented by the trustee, who has every motive

to defend the trust fund. *Jewett* v. *Tucker*, 139 Mass. 566. *Sears* v. *Hardy*, 120 Mass. 524. *Dandridge* v. *Washington*, 2 Pet. 370, 377. Story, Eq. Pl. § 140.

Upon the main question discussed, whether the plaintiff is entitled as assignee in insolvency to the income payable under item 14 of the will to Mrs: Balcom, it is obvious that he is so entitled if a creditor of Mrs. Balcom could maintain a bill to reach and apply such income. *Billings* v. *Marsh*, 153 Mass. 311. The general rule is that income may be reached by a creditor, unless there is something in the language of the instrument creating the trust clearly showing an intention to the contrary. *Sears* v. *Choate*, 146 Mass. 395, 398. *Maynard* v. *Cleaves*, 149 Mass. 307, 308. In applying this rule, it has been held that, when one is entitled to the whole income, his creditors may reach it, even though it is mentioned that it is given for his support; but when one is entitled merely to be supported out of a trust fund, the value of his support cannot be reached. *Slattery* v. *Wason*, 151 Mass. 266. *Maynard* v. *Cleaves*, 149 Mass. 307. *Baker* v. *Brown*, 146 Mass. 369.

Looking now at the language of the bequest in question, item 14, clause 2, the provision is as follows : " The income thereof, as it shall become due and payable, and be received by him, to pay over to my daughter Sarah Elizabeth Balcom, formerly the wife of Sumner W. Balcom, for and during her life." There are no words here authorizing the trustee in his discretion to withhold any portion of the income. The next clause is the one already quoted, giving to him a certain discretion in regard to the payment of the principal to her. This shows an intention on the part of the testator that she should have the whole income at all events, with an authority in the trustee as to further payments from the principal. There is a plain distinction between the words used in relation to the income, and those used in relation to the principal.

The will was obviously drawn with great care, and the testator in a later item expressly declares that its provisions have been carefully weighed and considered. The change in the terms of the provisions in reference to income and to principal must, therefore, be deemed to have significance.

A reference to other parts of the will also shows that when the

testator wished to confer a discretionary power upon trustees he carefully expressed such intention. In item 15, in bequeathing to the same trustee the same sum of $5,000 in trust for the benefit of another daughter, he says : " The income thereof, as it shall become due and payable, and be received by him, to pay over to my daughter Emma Isabella Connell, if, in the exercise of a wise discretion, it shall seem to him proper so to do." And, in order to make it more clear, he adds, with un-necessary repetition in respect to this second fund, " It being my object to put the disposition of this trust fund, principal and interest, in the hands of said trustee, to be used for the benefit of my said daughter Emma Isabella Connell, at his discretion." He thus made a clear distinction between this fund and the former one.

In item 18, the testator devised the residue of his estate in trust, for the benefit of his four children, the income of one fourth part to be paid to the trustee for each of his two daugh-ters. In respect to the income received by the trustee from this larger trust fund for the benefit of Mrs. Balcom, the provision is as follows in item 20, clause 2 : " The income arising from the fourth part of said rents, profits, issues, and income so paid to him, as it shall become due and payable, and be received by him, to pay over to my daughter, Sarah Elizabeth Balcom, for and during her life, at his discretion." The insertion of the words, " at his discretion," in this clause, and the omission of them in the former clause relating to her income from the other fund, furnish strong evidence that the testator's intention was different in respect to them. In item 21, clause 2, a similar discretion is given to the trustee in reference to the payment of the income received by him from the larger trust fund for the benefit of the other daughter, Mrs. Connell.

Some confirmation of the view that, when the testator wished to vest in a trustee a discretion as to the payment of income he knew how to express that intention clearly, and that in some in-stances he wished to give such discretion, and in others not, may be found in item 9, respecting the payment of income to his brother ; and in item 16, respecting the payment of income to two children of Mrs. Connell; and in item 17, respecting the payment of income to his widow.

The words in the will which are chiefly relied on by the defendants, as showing an intention to exempt the income going to Mrs. Balcom from liability for her debts, are the following. The bequest of the trust fund of $5,000 is said to be " for the following uses, purposes, and objects, and none other whatsoever." Then follow the clauses providing for the trustee's duties, and for the payment of income and principal, the latter of which have been already quoted. These words, in our opinion, do not qualify or explain the provision that the income is to be payable to Mrs. Balcom. When paid to her, she may use it as she pleases. The other words are those authorizing the trustee to pay over any part of the principal sum " at any time to the said Sarah Elizabeth Balcom, when he shall regard such payment wise and expedient, and demanded by the needs and necessities of the beneficiary." It is urged that a discretionary power is thus given to destroy the principal of the trust fund by paying it over to her, and that this involves a discretion also on his part in relation to the income.

Even if it be true that under this provision the trustee may pursue such a course that there will no longer be any income from the trust fund, because the trust fund itself will have ceased to exist, and that the plaintiff may in this manner lose all claim, — a question which we do not enter upon, as it is not before us for determination, — it certainly is the duty of the trustee to pay over the income as long as there is any. There is nothing in the language of the provision which at all looks to any curtailment of his duty in that respect. Whatever income has been received in the past, or may be received in the future, is, by the terms of the will, payable absolutely to Mrs. Balcom, and being thus payable absolutely, it is subject to be reached by creditors, and by the plaintiff as assignee in insolvency.

*Decree affirmed.*