ADA L. MAYALL v. SAMUEL MAYALL and Others.[1]

January 24, 1896.

| 63 | 511 |
|----|-----|
| 85 | 335 |
| 85 | 445 |

Nos. 9829—(337).

**Trust—Jurisdiction.**

For the purpose of preserving a trust, a court has power to order a sale, mortgage, or lease of the trust property, although the trust instrument contains no power or authority for so doing, and to bind by its judgment parties not in being, who may thereafter become beneficiaries of the trust.

**Same—Contingent Interest—Infants.**

A contingent interest in real estate is bound by judicial proceedings affecting the property, where the court has before it all the parties that can be brought before it, and the court acts upon the property according to the rights that appear, without fraud. These powers are inherent in a court of equity, and rest upon considerations of necessity and expediency. The district court, and not the probate court, has jurisdiction of such a case, although infants may have a contingent interest in the trust.

Action in the district court for Hennepin county by plaintiff, as trustee and in her own right, against the several defendants named in the opinion. From a judgment entered in pursuance of the findings and order of Russell, J., defendants Samuel Mayall and S. Mayall Bruner, by their guardian ad litem, appealed. Affirmed.

*Henry B. Wenzell*, for appellants.

*Young & Lightner*, for respondent.

MITCHELL, J. In June, 1872, Mary A. Mayall conveyed to the plaintiff certain real estate in the city of Minneapolis. Plaintiff received the conveyance for the purposes and upon the trusts set out in a declaration of trust, which she subsequently executed, in which, after describing the conveyance to her, and reciting that it was the intention of the grantor to convey the premises to her in trust, as thereinafter set forth, she declared as follows:

"Now, therefore, in consideration of the premises, and to carry out the intention of said grantors, and in consideration of the sum of five dollars, to her in hand paid by said parties of the second part, the receipt whereof is hereby acknowledged, the said Ada L. Mayall, party of the first part, has proclaimed and declared, and

[1] Reported in 65 N. W. 942.

by these presents does proclaim and declare, to the public, that she is possessed of, has, and holds the above-described premises as trustee, in trust for said Harry Hale Mayall and the heirs of his body, forever, and in case he should die without heirs begotten in lawful wedlock, then the equitable title to one undivided half of said premises is to revert back to said party of the first part, her heirs, executors, administrators, and assigns, forever, and the other undivided half of said above-described premises she will hold as trustee in trust for said Mary A. Mayall and the heirs of her body forever. At the death of either said party of the first part or said Mary A. Mayall without issue, the survivor, her heirs, executors, administrators, and assigns, shall have and hold the above-described premises forever.    And the said party of the first part does hereby further proclaim and declare that she will, in the month of January of each year, commencing in the year A. D. 1882, render a strict, true, and full account of, and pay over, all moneys and rents arising and issuing out of the above-described premises to said Harry Hale Mayall and the heirs of his body, and, in case of his death without such heirs, one-half thereof to said Mary A. Mayall and the heirs of her body."

The Mary A. Mayall mentioned in the declaration of trust is not the grantor in the conveyance, but her daughter.    The trustee and the beneficiaries named in the declaration of trust are the sole heirs of the grantor in the deed.

The plaintiff brought this action in the district court, as trustee and in her own right, against Harry Hale Mayall, her brother; his son Samuel, an infant; Mary A. Mayall, now Bruner, her sister; and her son, S. Mayall Bruner, an infant.    The adult defendants appeared and admitted the allegations of the complaint, and consented that a decree might be entered as prayed for.    The infant defendants appeared by their guardian ad litem and submitted their rights and interests to the protection of the court.

The court found that the real estate was worth $100,000; that it was valuable only for business and for improvement; that it can only be made to pay an income by being built on and improved; that the present buildings on it are old and of little value, and cannot be maintained in a tenantable condition; that the rents therefrom have been gradually decreasing, and will continue to do

so; that the gross annual rentals are now much less than the annual taxes on the property and necessary expenses in its care and repair; that there is no other property in the trust, and no income other than the income from the real estate, with which to pay taxes and the care of the same; that the property is advantageously situated in the business district of the city, and likely to increase in value; that it can be either sold for a substantial sum, or money borrowed on it, with which to improve it by the erection of suitable buildings, or the same can be let on ground lease for a term of years for improvement.

Upon these findings of fact the court found, as a conclusion of law, that it was necessary for the preservation of the trust property that it should be either sold, mortgaged, or leased, as prayed for in the complaint, and rendered judgment that the plaintiff, as trustee, be authorized and empowered to sell the property at private or public sale, or lease the same for a term of years, or mortgage the same and with the proceeds of such mortgage improve the property in the manner suitable to its locality, within one year from the date of the decree, provided, however, that the trustee should not complete and consummate any such sale, mortgage, or lease, without first reporting the terms of such sale, mortgage, or lease to the court, and obtaining the approval thereof by the court; also, that any such sale, mortgage, or lease shall be made free and clear of any present or future claim of title to or interest in the real estate on the part of any of the parties to the action, of any present or future beneficiaries under the trust; also, that the proceeds of any such sale, mortgage, or lease shall be held in lieu of the trust property, to be administered in accordance with the terms of the declaration of trust under the order and direction of the court.

The court, in its judgment, reserved the action for the purpose of approving or disapproving any sale, mortgage, or lease, and fixing the terms thereof, and also extending the time, if necessary, within which the plaintiff might make the same, and for the purpose of making the proper order as to the administration and investment of the proceeds. From this judgment the infant defendants, by their guardian, appeal. No question is made as to the validity of the trust.

63 M.—33

It will be observed that the declaration of trust contains no power or authority for selling, mortgaging, or otherwise disposing of the property; also that, according to the terms of the declaration, other persons may hereafter come into being who will be beneficiaries of the trust. These two facts raise the two principal questions presented by this appeal, to wit: (1) Has the court, for the purpose of preserving the trust, power to order a sale, mortgage, lease, or other disposition of the trust property when the trust instrument contains no power or authority for so doing? (2) Has the court power, in such a case, to bind by its judgment or decree parties not yet in being, who may hereafter become beneficiaries of the trust? Both questions must be answered in the affirmative.

The inherent power of a court of equity to do these things in such a case rests upon the paramount consideration of necessity and "high expediency." Neither statutory authority nor express authority, in the deed or other instrument of trust, is necessary. At common law a court of equity had the inherent power to do what was necessary to be done to preserve the trust from destruction. The district court, as a court of general jurisdiction both at law and in equity, has the same inherent power, in that respect, as was possessed by a court of chancery. The authorities are all one way on this question. Hale v. Hale, 146 Ill. 227, 33 N. E. 858; United States Trust Co. v. Roche, 116 N. Y. 120, 22 N. E. 265; Anderson v. Mather, 44 N. Y. 249. The power of the court is exercised, not to defeat or destroy the trust, but to preserve it. Even in case of an absolute sale, the trust is not destroyed. There is merely a change in the form of the trust property. The proceeds are impressed with the trust, and are to be administered in accordance with its terms, under the direction of the court. The distinction must be kept in mind between the power to sell or mortgage merely for the benefit of the cestui que trust, and the power to sell or mortgage in order to preserve the trust from complete destruction. The court will always exercise the power for the latter purpose, while it might not, and usually would not, for the former. Matter of Roe, 119 N. Y. 509, 23 N. E. 1063. That there is a necessity to either sell, mortgage, or lease this property in order to preserve the trust is established by the findings of the court. By its judgment it has retained control of the whole matter in its own

hands, and it must be presumed that it will do its full duty, and not approve of any disposition of the property that is not necessary to preserve the trust.

None of the cases cited by appellants' counsel seem to us to be in point. Many of them are cases which deny the inherent power of a court of chancery to sell an infant's real estate. But this is in no proper sense a judgment ordering a sale of an infant's estate for the supposed benefit of the infant. If it was, the matter would be exclusively within the jurisdiction of the probate court. The infants' interest here is a mere contingency, and it is not merely this contingent interest that is to be sold, mortgaged, or leased, but it is the entire trust property, and this is done solely for the purpose of preserving the trust from destruction, and the infants are made parties merely because they have a contingent interest in the trust.

2. The power of the court to bind parties not in being, but who may hereafter come into being and have an interest in the trust, rests upon the same ground of necessity and "high expediency." All persons in being who have any interest in the trust have been made parties. Of course, those not in being cannot be made parties; and if the court cannot bind them by its decree or judgment, its inherent power to do with the property whatever is necessary to preserve the trust would be so hampered and limited as to be in a great measure rendered nugatory.

The rule that only those who are parties to a suit are affected by the decree is subject to certain well-recognized exceptions in equity. Thus, where there is real estate in controversy which is subject to an entail, it is generally sufficient, all parties having antecedent estates being before the court, to make the first tenant in esse in whom an estate of inheritance is vested a party with those claiming the prior estates, without making any persons parties who may claim in remainder or reversion after such vested estate of inheritance. Story, Eq. Pl. § 144. The rule is stated thus in Giffard v. Hort, 1 Sch. & Lef. 386, 408: "Where all the parties are brought before the court that can be brought before it, and the court acts on the property according to the rights that appear, without fraud, its decision must of necessity be final and conclusive. It has been repeatedly determined that, if there be a tenant for life, remain-

der to his first son in tail, remainder over, and he is brought before the court before he has issue, the contingent remainder-men are barred. * * * Courts of equity have determined, on grounds of high expediency, that it is sufficient to bring before the court the first tenant in tail in being, and if there be no tenant in tail in being, the first person entitled to the inheritance, and if no such person, then the tenant for life." Id. 407.

If several remainders are limited by the same deed, this creates a privity between the person in remainder and all those who may come after him; and a verdict and judgment for or against the former may be given in evidence for or against the latter. If there are never so many contingent limitations of a trust, it is sufficient to bring the trustees before the court, together with him in whom the first remainder of inheritance is vested; and all that may come after him will be bound by the decree, though not in esse, unless there be fraud and collusion between the trustees and the first person in whom the remainder of inheritance is vested. Freeman, Judg. § 172, and cases cited. In Miller v. Texas & Pac. R. Co., 132 U. S. 662, 10 Sup. Ct. 206, the court cited Giffard v. Hort, supra, with approval, and held that a contingent interest in real estate or an executory devise is bound by judicial proceedings affecting the real estate where the court has before it all the parties that can be brought before it, and the court acts upon the property according to the rights that appear, without fraud. The court also quoted from Lord Redesdale's (Mitford) treatise on Pleading (173, 174), to the effect that "contingent limitations and executory devises to persons not in being may be bound by a decree against a person claiming a vested estate of inheritance; but a person in being claiming under a limitation by way of executory devise, not subject to any preceding vested estate of inheritance by which it may be defeated, must be made a party to a bill affecting his rights." These authorities fully cover this case.

The trustee and every person having any vested interest in the trust property, as well as every one in being who has any contingent interest in it, were before the court. It is also to be noted, although perhaps not material, that every class of possible parties not in being who may become interested in the trust property were represented before the court by one or more of the parties to the

action.    See, also, Hale v. Hale, supra; Anderson v. Mather, supra; Clarke v. Cordis, 4 Allen, 466; Evans v. Wall, 159 Mass. 164, 34 N. E. 183; Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805. The same principle was applied in Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99.    It is true that in the last case the decree under consideration was in probate proceedings, which are in rem, while the present action is in form in personam; but the judgment is in effect in rem, acting as it does directly on the res, viz. the trust property.

There is nothing in the contention that the probate court, and not the district court, has jurisdiction of the matter so far as the interest of the infant defendants is concerned.    The subject-matter of the action is the management and administration of a trust.    The controversy is between infants and third parties.    It might as well be claimed that the district court has no jurisdiction in partition, foreclosure, or any other recognized head of equity jurisdiction, whenever a minor chances to be interested.

Judgment affirmed.