MARVEL J. CONANT & another *vs.* BOSTON CHAMBER OF COMMERCE & others.

Suffolk.   January 25, 26, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Equity Pleading and Practice*, Dismissal for want of prosecution.   *Res Judicata.*
*Equity Jurisdiction*, To reach and apply equitable assets.   *Boston Chamber of Commerce.*

A decree dismissing a bill in equity for want of prosecution operates as a nonsuit does at law, leaving the plaintiff at liberty to bring another suit for the same cause of action, and therefore such a decree does not support an allegation of *res judicata*, if pleaded in bar when the second suit is brought.

By a by-law of the Boston Chamber of Commerce, a corporation, it is provided that upon the death of a participating member an assessment shall be levied upon the survivors of the class to raise a " gratuity fund " for the benefit of his family, not to exceed a fixed sum.   Such fund is referred to in the by-law as a gift, which a member cannot assign or by anticipation charge with the payment of debts upon his death, and the by-law declares that it shall be paid to the persons therein designated " free from all debts, charges or demands whatsoever." The by-law provides, that if a member leaves no widow the fund shall be paid in equal shares to his children.   In a suit in equity by a creditor of the children of a deceased member of this corporation, who died leaving no widow, to reach and apply to the payment of their debt to the plaintiff their interest in such gratuity fund contributed under the by-law for their benefit, where it appeared that the fund had been raised and was in the hands of the defendant corporation ready to be paid to the individual defendants, who were the debtors of the plaintiff, it was *held*, that the plaintiff was entitled to reach the fund and to have it applied in payment of the debt to him.

BILL IN EQUITY, filed in the Superior Court on July 28, 1908, alleging that the individual defendants, Henry J. Bigelow, Lewis H. Bigelow and Samuel B. Bigelow, were indebted to the plaintiffs in the sum of $3,488.21, for the balance due upon a

promissory note, of which a copy was attached to the bill, that the individual defendants were the children and only heirs at law of Jonathan Bigelow, late of Lexington, deceased, who during his lifetime was a member of the defendant corporation, the Boston Chamber of Commerce, and that by virtue of such membership his heirs became entitled to receive, after his death and upon complying with certain conditions, the sum of $2,500, that, after the death of Jonathan Bigelow and after due notice thereof had been given to the defendant corporation and after all necessary conditions had been performed by the heirs of Jonathan Bigelow, an assessment was levied against the participating members of the defendant corporation and in consequence thereof the sum of $2,500 had been raised, which sum, Jonathan Bigelow having left no widow, was to be paid in equal shares to his children, as provided for by article 21 of the by-laws of the defendant corporation, that the individual defendants were financially irresponsible and, although the plaintiffs had made diligent search, they had been unable to discover any goods or estate of the individual defendants which could be got at to be attached to secure the plaintiffs' claim, and that, in equity and good conscience, the money which was to be received from the defendant corporation and which was ready to be paid over to the individual defendants should be applied to the payment of the plaintiffs' claim; praying that the defendant corporation might be restrained from paying to the individual defendants, and that the individual defendants might be restrained from receiving from the defendant corporation, any sum of money on account of the death of Jonathan Bigelow, and that the defendant corporation might be ordered to pay such sum of money to the plaintiffs upon the establishment of their claim.

The defendant corporation and the individual defendants respectively filed pleas in bar, each of which contained the following allegations:

That the same plaintiffs on or about December 16, 1907, caused to be filed against the same defendants a bill in equity, returnable in the Suffolk Superior Court on the first Monday of January, 1908; that the allegations contained in that bill were substantially the same as those contained in the present bill, and set forth the same cause of action which the plaintiffs were

endeavoring to enforce by the present bill; that the former bill was set down for hearing in the equity division of the Suffolk Superior Court, merit session thereof, for the week beginning May 18, 1908; that it remained on the merit list until June 19, 1908, at which time, the plaintiffs not being present to prosecute said bill, a final decree was entered dismissing the bill " for want of prosecution "; that no appeal from such final decree had been taken, although the time for taking such appeal had long since expired; and therefore that the matters set forth in the present bill had been finally decided and were *res judicata ;* praying that the bill might be dismissed with costs to the defendants.

The defendant corporation and the individual defendants also respectively filed answers, each of which contained the following allegations :

That the Boston Chamber of Commerce was a corporation duly organized under the laws of the Commonwealth of Massachusetts and having its usual place of business at Boston ; that the objects of that corporation as provided by its by-laws were as follows :

" To provide and regulate a commercial exchange in the city of Boston ; to promote just and equitable principles of trade; to establish and maintain uniformity in commercial usages; to correct abuses ; to acquire, preserve, and disseminate valuable business information; to adjust controversies and misunderstandings; and generally to advance the commercial interests of the city of Boston."

That section 3 of article 1 of the by-laws of that corporation relating to " Title and Objects " provided as follows :

" There shall be established for the benefit of the families of deceased members a Gratuity Fund in accordance with the Articles of Consolidation, under the terms and conditions hereinafter provided."

That under article 21 of the by-laws of that corporation entitled " Provisions for the families of deceased members " certain members called participating members were entitled to share in the benefits of a plan therein set forth for providing for the families of deceased members; that this by-law provided that upon the death of any participating member there should be

assessed against each member participating in the privileges of this by-law the sum of $3; that upon the receipt of documentary proofs satisfactory to the managers of the gratuity fund of the death of a participating member of the corporation, the managers should send notice by mail to each participating member of the corporation calling for an assessment; that, an assessment having been laid and notice thereof having been given as above specified, there should be paid from the gratuity fund a sum of money, in no event to exceed the sum of $2,500, which sum, in case the deceased member left no widow, should be paid in equal shares to his children and to the issue of any deceased child by right of representation, provided that the person or persons claiming such sum should have substantiated their claim to the satisfaction of the managers of the gratuity fund in whom is vested the management and distribution of the gratuity fund and the execution of the provisions of this by-law.

That article 21 further provided that nothing therein contained should be taken or construed as a liability of the Boston Chamber of Commerce for the payment of any sum whatever, except in so far as the assessments received, together with the gratuity fund, would admit, and that nothing therein contained should be construed as constituting any estate *in esse* which could be mortgaged or pledged for any debt; but it should be construed as the solemn agreement of every member of the Boston Chamber of Commerce participating in the privileges of this by-law to make a gift to the family of each participating member and of the corporation to collect and pay over to such family the said gift.

That section 4 of said article 21 of the by-laws of the Boston Chamber of Commerce specifically provided that money paid from the gratuity fund should be paid to the persons therein designated " free from all debts, charges or demands whatsoever."

In the Superior Court the case was heard by *Wait*, J., who disallowed the plea in bar, and found that the plaintiffs were entitled to an injunction to reach and apply the gratuity fund. He ordered that a decree be made for the plaintiffs with costs against the individual defendants, and that the case be retained for determination of the amount due to the plaintiffs and that an assessor be appointed. He reported the case for determination by this court, such order to be made as justice might require.

The judge filed the following memorandum of findings :

" The plea in bar is overruled.

" The matters alleged in the present bill are not and could not be adjudicated upon the previous bill and by a decree based thereon.

" I find that the plaintiffs have a well founded claim against the defendants Bigelow ; that the defendant the Boston Chamber of Commerce now holds and at the filing of the bill did hold the sum of $2,500 which it was bound to pay over to the defendants Bigelow as alleged and admitted ; and that nothing remains to be done by that defendant but to pay it over to the other defendants. I rule that the character of such payment, whether a gift or not, is immaterial, now that the Boston Chamber of Commerce holds the amount intending to pay it over and with no right or duty save so to pay it over; and that the plaintiffs. are entitled to the relief sought."

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiffs.

*E. C. Stone,* for the defendants Bigelow.

BRALEY, J.   If under the decision in *Foote* v. *Gibbs*, 1 Gray,. 412, 413, a decree dismissing the bill is a bar to further prosecution between the parties or their privies of the matters shown by the pleadings to have been in issue, a dismissal without prejudice or for want of prosecution operates only as a nonsuit at law, which leaves the plaintiff at liberty to begin over if so advised. *Lakin* v. *Lawrence*, 195 Mass. 27, 29, and cases cited. The pleas in bar, therefore, were rightly overruled, and, the plaintiffs' debt having been established, the only question for decision is whether the funds held by the defendant corporation can be applied in payment.

In the by-laws of the defendant corporation it is provided, that upon the death of a participating member an assessment shall be levied upon the survivors of the class to raise a " gratuity fund," for the benefit of his family, but not to exceed a fixed sum. If these provisions for the families of deceased members are further referred to as a gift or gratuity, which a member cannot assign, or by anticipation charge with the payment of debts, upon his death no discretionary power is vested in the corporation to withhold the fund from those who are to take it, for, when raised, its payment is unconditional. *Evans*

v. *Wall*, 159 Mass. 164, 169. The debtors as the sons of a deceased member are the sole surviving beneficiaries, and the money having been obtained and having become payable, they then had a vested equitable right to possession, which in equity can be reached by the plaintiffs in satisfaction of their debt. R. L. c. 159, § 3, cl. 7. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515, 518. *Cole* v. *Bates*, 186 Mass. 584.

*Decree affirmed.*