GEORGE N. RASMUSSON, Trustee, Respondent, v. FRED J. SCHMALENBERGER, Appellant.

(235 N. W. 496.)

Opinion filed March 9, 1931.

*S. P. Rigler,* for appellant.

*Ritchie & Ployhar,* for respondent.

CHRISTIANSON, Ch. J.   Plaintiff brought this action to enforce specific performance of a certain contract for the sale of land by the plaintiff to the defendant.   The defendant admits that he purchased the land from the plaintiff under a written contract as alleged in the complaint, and he alleges that he is ready, willing and able to perform the terms thereof by paying the balance of the purchase price and will do so upon plaintiff's delivery to him of a merchantable title; but he asserts that plaintiff is not in position to convey such title.   The case was submitted upon a stipulated statement of facts.   The trial court found the facts to be as stipulated; and from such facts drew the conclusion of law that the plaintiff was able, ready and willing to convey

a good and merchantable title, and had tendered such title in accordance with the terms of the contract. The defendant has appealed and demands a trial anew in this court. The facts, as stipulated, are as follows:

Plaintiff is the duly appointed and acting trustee and grantee under a certain trust deed, made, executed and delivered by Nels P. Rasmusson and Mary E. Rasmusson, his wife, on the 27th day of November, A. D. 1908, and which said trust deed was duly filed for record in the office of the Register of Deeds in and for the County of Stark, State of North Dakota, on the 12th day of June, A. D. 1909, at 11 : 00 o'clock A. M., and recorded in Book 31 of Deeds on page 538. (The original deed was attached to and made part of the stipulation of facts.)

The grantors in said trust deed, that is Nels P. Rasmusson and Mary E. Rasmusson, his wife, were the father and mother of the plaintiff, George N. Rasmusson, Trustee, and at the time of the conveyance under said trust deed as hereinbefore stated, the said Nels P. Rasmusson was the owner and holder of the legal title of the real estate therein conveyed.

The deed contained the following provision:

"And the said parties of the first part (Nels P. Rasmusson and Mary E. Rasmusson, his wife) hereby grant and convey the hereinbefore described premises in trust unto the said party of the second part to be demised as follows, to-wit:

"Unto George N. Rasmusson, for and during his natural life, to be by him used and enjoyed during his natural life, conditioned, however upon the payment of all legal taxes and assessments, which may be levied or assessed against the said premises.

"And upon the death of the said George N. Rasmusson the said above described premises and the whole thereof are hereby granted in fee simple unto the lawful issue of the body of the said George N. Rasmusson, share and share alike.

"To have and to hold the same, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining unto the said George N. Rasmusson for and during his natural life, and upon his death unto the issue of his body then living, share and share alike, forever."

The plaintiff, as trustee, did on the 20th day of March A. D. 1930

enter into a contract in writing, for the sale of the real property as hereinafter set forth, with the defendant, Fred J. Schmalenberger, wherein and by the terms of which the said plaintiff did agree to sell and convey and said defendant did agree to purchase lots one (1), two (2), seven (7), eight (8), nine (9) and ten (10) of section three (3), in township one hundred forty (140) north, of range ninety-one (91), west of the fifth principal meridian, Stark county, North Dakota, for the purchase price of six thousand and 00/100 dollars ($6,000), payable in the following manner, to-wit: Three hundred and 00/100 dollars ($300) at the time of the execution and delivery of said contract of purchase, which amount has been paid by the said defendant, and the balance, that is, five thousand seven hundred and 00/100 dollars ($5,700), on or before May 1st, 1930 upon delivery of deed together with abstract of title, showing merchantable title, free from all encumbrances. (It was stipulated that a copy of the contract be received in evidence.)

On the 11th day of February, A. D. 1930 the plaintiff herein instituted an action in the district court of Mercer county, North Dakota, wherein the plaintiff herein, that is, George N. Rasmusson, Trustee, was plaintiff, and George N. Rasmusson, Henrietta I. Rasmusson, Robert F. Rasmusson, Helen A. Rasmusson, Margaret E. Rasmusson, Nels Paul Rasmusson, George Howard Rasmusson, and Charles W. Rasmusson were defendants, for the purpose of obtaining an order and judgment by said court, authorizing and directing this plaintiff to convey and sell the real property above described and other properties, all of which were conveyed by the deed of trust from Nels P. Rasmusson.

At the time of the commencement of the action by the plaintiff herein in the district court of Mercer county, North Dakota, the lawful issue of the plaintiff, George N. Rasmusson, Trustee, and Caroline Rasmusson, his wife, were the beneficiaries then existing and now existing and are as follows, to-wit: Henrietta I. Rasmusson, twenty-four years of age, Robert F. Rasmusson, twenty-two years of age, Margaret E. Rasmusson, twenty years of age, Helen A. Rasmusson, nineteen years of age, Nels Paul Rasmusson, seventeen years of age, and George Howard Rasmusson, ten years of age.

After proceedings duly had in the said action commenced by this

plaintiff in the district court of Mercer county, North Dakota, judgment was duly entered therein, wherein and by the terms of which the said district court did authorize and direct the plaintiff to sell the real property above described to the purchaser thereof and to receive the consideration therefor,—such consideration to be substituted and held in lieu of the real estate so ordered to be sold.

Thereafter and on the 29th day of May, A. D. 1930 the plaintiff tendered to the defendant the abstract of title covering the property above described, together with a quit-claim deed to said property running to the defendant from George N. Rasmusson and Caroline Rasmusson, his wife, also quit-claim deeds running to this defendant from Henrietta I. Rasmusson, Robert F. Rasmusson, Helen A. Rasmusson and Margaret E. Rasmusson, who are the adult beneficiaries under said deed of trust now existent; also a warranty deed from George N. Rasmusson and Caroline Rasmusson, his wife, to the defendant herein, and which said warranty deed conveys the interest of the grantors in and to the real property above described, to the defendant herein, and which said interest consists of a life interest in and to said property and that the plaintiff herein did further tender to the defendant at said time a warranty deed executed by Charles N. Rasmusson and Hannah G. Rasmusson, his wife, to the defendant and covering lots nine (9) and ten (10), of section three (3), in township one hundred forty (140) north, of range ninety-one (91), Stark county, North Dakota, conveying all of the right, title and interest of the said Charles N. Rasmusson and Hannah G. Rasmusson, his wife, in and to said property to the defendant.

At the same time, to-wit: On May 29th, 1930, the plaintiff herein, also tendered to the defendant a certain deed executed by plaintiff as trustee and running to the defendant covering the real property involved in this action.

Said tender was duly and regularly made by this plaintiff to the defendant together with demand for the balance of the purchase price for said property, but the defendant, Fred J. Schmalenberger, refused to accept said deeds of conveyance for the reason that in his opinion the title to said real property was and is defective and imperfect and that the plaintiff is not in position to convey to this defendant merchantable title to this land.

The defendant is ready, able and willing to perform and carry out the terms of the contract for deed covering the purchase by this defendant of the premises first above described, and he will make such payment upon the tender and delivery of a merchantable title to the premises. But the "defendant contends the plaintiff herein is without legal authority to sell and convey the land which the defendant has purchased on contract in that the original deed of conveyance by the said Nels P. Rasmusson and his wife to the plaintiff herein gives to the said plaintiff only a life estate with remainder in fee to the lawful issue of the body of George N. Rasmusson, plaintiff herein, and that such deed of conveyance does not authorize, imply or direct the said George N. Rasmusson to sell the said premises and that on account thereof the district court of Mercer county, North Dakota, was without jurisdiction to entertain and act upon the application of the plaintiff for an order for judgment directing the sale of part of the premises so conveyed by the said Nels P. Rasmusson and herein referred to;" and "that the district court of Mercer county, North Dakota, could not lawfully direct the sale of any part of the said premises although it might have appeared that the same was for the best interest of the trust estate and for the purpose of preserving the said trust and that on account thereof the judgment of the district court of Mercer county, North Dakota, is null and void."

The judgment rendered by the district court of Mercer county, contained the following provision: "It is ordered, adjudged and decreed that the plaintiff, George N. Rasmusson, trustee, is allowed and he is hereby directed to sell the following described real estate for the purpose of preserving said trust estate, and give his deed as such trustee to the purchaser or purchasers of said real estate, and receive the consideration therefor, which shall be substituted for and held in lieu of the real estate herein ordered to be sold."

The parties are agreed that the question involved in this action and presented to the district court and to this court for determination is as follows: "Did the district court of Mercer county, North Dakota, have jurisdiction for the purpose of preserving the trust to enter and render a valid judgment authorizing and directing the plaintiff as trustee to convey any part of the trust estate under the deed of trust

as executed and delivered by Nels P. Rasmusson and Mary E. Rasmusson, his wife, to the plaintiff as trustee?"

The attack on the judgment of the district court of Mercer county authorizing and directing the trustee to sell the property is predicated solely upon the ground that the district court was without jurisdiction, that is, without power to entertain or take cognizance of such action and determine the issues therein. No question is raised as to the court's jurisdiction over the persons named as parties defendant, to that action. There is no claim that the summons was not served upon any of the parties defendant therein, or that any person interested in the property, then and now living, was not duly made a party to such action. The attack upon the judgment is predicated upon the following grounds: (1) That the deed from Nels P. Rasmusson and his wife to the plaintiff did not operate to create a trust or constitute the plaintiff a trustee; but that such deed merely conveyed to the plaintiff a life estate with the remainder over to the lawful issue of plaintiff's body living at the time of his death. (2) That inasmuch as the owners of the remainder can be determined only upon the death of the plaintiff, that persons may be born hereafter who will have an interest in the property and that the district court had no power to provide for a sale of any interest that such persons might have in this property, and that they remain wholly unaffected by the judgment. (3) That inasmuch as the deed contained no power or authorization to make sale, the district court was without power to authorize or direct a sale of the property.

It should be noted at the outset that the attack made upon the judgment by the defendant in this action is collateral. 34 C. J. p. 530, et seq.; 15 R. C. L. p. 838; 1 Freeman, Judgm. 5th ed. pp. 601, et seq. The judgment is presumptively valid. It must be presumed that all jurisdictional requirements have been complied with. In order to strike down a judgment of a court of record of this state by collateral attack jurisdictional defects must appear on the face of the record. 34 C. J. 511, 528, et seq.; Shane v. Peoples, 25 N. D. 188, 141 N. W. 737; Baird v. Williston, 58 N. D. 478, 226 N. W. 608; Erker v. Deichert, 57 N. D. 474, 479, 222 N. W. 615; 15 R. C. L. p. 835, et seq.; 1 Freeman, Judgm. 5th ed. §§ 375, 375a.

The district court is a court of general jurisdiction. "It has 'original jurisdiction, except as otherwise provided in the Constitution, of

all causes both at law and equity.' N. D. Const. § 103. Hence, it 'has power to determine all controversies or questions of difference which can possibly be made the subject of civil action.'" Trott v. State, 41 N. D. 614, 618, 4 A.L.R. 1372, 171 N. W. 827.

Jurisdiction is the power to hear and determine. "To have jurisdiction is to have power to inquire into facts and to apply the law. . . . A court has jurisdiction of the cause when the laws of the sovereignty in which the tribunal exists grants it power over the subject-matter, and to adjudge concerning the general question involved. . . . When a court has jurisdiction over a cause and of the parties, it does not lose jurisdiction because it makes a mistake in determining either the facts or the law or both. Jurisdiction does not depend upon the correctness of the decision made. . . . 'Jurisdiction is the power to hear and determine a cause, and carries with it the power to decide a cause within the jurisdiction of the court incorrectly as well as correctly, and it does not relate to the rights of the parties, but to the power of the court.' . . . 'The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong.' . . . 'Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the abstract question. Nor is this jurisdiction limited to making the correct decisions. It empowers the court to determine every issue within the scope of its authority, according to its own view of the law and the evidence, whether its decision is right or wrong.'" Christenson v. Grandy, 46 N. D. 418, 426, 427, 180 N. W. 18.

It is admitted that the district court of Mercer county had jurisdiction of the persons in being who had any interest in the real property in question. And we are wholly agreed that that court had jurisdiction of the subject-matter involved in the action presented to it for determination. It is not of controlling importance whether the deed from Nels P. Rasmusson and his wife was intended to and did create a trust naming the plaintiff as trustee and the lawful issue of his body

as beneficiaries or whether the deed merely conveyed to the plaintiff a life estate with a remainder to the heirs of his body living at the time of his death. In either case the district court of Mercer county had jurisdiction to hear and determine the cause. Ruggles v. Tyson, 104 Wis. 500, 48 L.R.A. 809, 79 N. W. 766, 81 N. W. 367; Mayall v. Mayall, 63 Minn. 511, 65 N. W. 942; 26 R. C. L. p. 1170, ¶ 4; 21 C. J. pp. 1001, 1002; 23 R. C. L. pp. 583–587, §§ 145–149; 39 Cyc. pp. 352, et seq.

In short, in any view of the case the district court of Mercer county had power to inquire into the facts and to apply the law; and its judgment became and is binding, not only upon all living persons who were made parties to the action, but, also upon all persons who may be born thereafter, having contingent interests in the property. Ruggles v. Tyson, 104 Wis. 500, 48 L.R.A. 809, 79 N. W. 766, 81 N. W. 367, supra; Mayall v. Mayall, 63 Minn. 511, 65 N. W. 942, supra; 23 R. C. L. pp. 582–587.

"The general rule that no person shall be bound by an adjudication in an action to which he is in no way a party has some exceptions and does not inexorably apply to a case where at the time of the adjudication persons are not in esse who may be affected thereby. If an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto, represent the whole estate and stand, not only for themselves, but also for the persons unborn, and a judgment entered in such litigation binds their interest, if it provides for and protects them, and also if the court determines that they have no interest to be protected. This principle is recognized by courts of equity as an exception to the general rule that all persons interested in the subject-matter of the litigation, whether legally or equitably interested, should be made parties, so that the courts may settle all of their rights at once, and so avoid a multiplicity of suits." 23 R. C. L. pp. 583, 584, § 145.

"A contingent interest in real estate is bound by judicial proceedings affecting the property, where the court has before it all the parties that can be brought before it, and the court acts upon the property according to the rights that appear, without fraud. These powers are inherent in a court of equity, and rest upon considerations of necessity

and expediency." Mayall v. Mayall, 63 Minn. 511, 65 N. W. 942, supra.

A judgment which affects rights or contingent interests of persons not then in being should make provision for the protection of the rights and interests of such persons. 23 R. C. L. p. 586. The judgment rendered by the district court of Mercer county afforded such protection. The action in which that judgment was rendered did not seek to determine the rights of the different parties in the property in question, or to bar any party, either living or yet to be born, from any interest therein. It was not an action to obtain a distribution of the property so as to prejudice the rights of possible persons yet to be born. The only relief sought therein was to have the property preserved in another form for the benefit of all persons, both those living and yet to be born, having any possible interest in it. The judgment rendered by the district court of Mercer county afforded protection to the rights of all persons, those who might be born thereafter as well as those then living. It did not distribute the property or abrogate in any manner the vested or contingent interests of persons then living or who might thereafter be born, who are given any interest in the property under the deed. The proceeds of the sale will be and are impressed with the same rights and interests as is the land; and they are to be administered in accordance with the terms of the deed and under the direction of the court. The court which entered the decree has retained full control of the whole matter; and it must be presumed that it will do its full duty and preserve and safeguard the property for all parties having either vested or contingent interests therein,— preserve and safeguard it not only for the parties now living but for those who may be born hereafter. Mayall v. Mayall, 63 Minn. 511, 65 N. W. 942, supra. The fact that the deed did not contain a power or specific authorization to the plaintiff to sell or dispose of the property does not affect the power of a court of equity to order a sale where that becomes necessary to preserve the property and protect the rights of the parties interested therein. Mayall v. Mayall, supra. The district court of Mercer county, in the exercise of its equity jurisdiction, had unquestioned power to order such sale when it was shown, as it was here, that such disposition was necessary to preserve the property and safeguard it for the persons, both living and yet to be born, having

interests therein. It is undisputed that in this case a condition existed requiring such disposition in order to safeguard the interests of such persons, and that if the property is not disposed of, that it may, and probably will, be wholly lost.

It is contended by the appellant that § 5379, Comp. Laws 1913 (which prohibits a trustee from disposing of real property in contravention of the trust), deprived the district court of power to order a sale thereof, in the absence of a specific authorization or power in the deed to that effect. We cannot agree with that contention. The fact that the deed did not contain a power or specific authorization to sell the property does not affect the power of a court of equity to order a sale where that becomes necessary to preserve the property in some other form. Mayall v. Mayall, 63 Minn. 511, 65 N. W. 942, supra. Section 5379, supra, does not limit or affect the jurisdiction of the district court in cases involving the administration or disposition of trust property. It merely limits the powers and prescribes the duties of a trustee. The meaning and effect of that section is a question to be determined by the court in a case where it is drawn in question. It was for the district court of Mercer county to construe and apply that provision, as well as other statutory provisions, in determining whether the plaintiff should or should not be authorized and directed to sell the real property in question here. In short, the application and effect of that statutory provision was a question properly for the determination of the district court of Mercer county in the former action. That court had jurisdiction to determine that question and even though it may have erred in construing and applying § 5379, supra, or some other statutory provision this would not render its judgment void or subject to collateral attack. Christenson v. Grandy, 46 N. D. 418, 426, 427, 180 N. W. 18, supra.

It follows therefore that the judgment appealed from is correct and must be affirmed. It is so ordered.

Burr, Nuessle, Birdzell, and Burke, JJ., concur.