T. A. ARNOLD *et als. v.* DAVID McCORKLE *et als.*

CODE CONSTRUED, SEC. 2979. It is not necessary to the validity of a judgment conferred under sec. 2978 of the Code that the written evidence of the debt should be filed, and constitute a part of the record, as provided by sec. 2979 thereof, the requirement under that section being directory.

FROM GREENE.

Appeal from a decree of the Chancery Court at Greeneville, rendered at its November term, 1872. Hon. H. C. SMITH presiding.

No brief on file for complainants.

McKEE for respondents.

FREEMAN, J., delivered the opinion of the court.

This bill is filed by the heirs of T. D. Arnold to clear the title of a tract of land from incumbrances, and redeem or have benefit of tax titles, or have

them declared void; mainly, however, to enjoin an action of ejectment by David McCorkle.

The facts necessary to raise the questions substantially are, that T. D. Arnold, as creditor of W. K. Vance, filed an attachment bill against him on the 10th of May, and had his attachment levied on the 11th of said month, 1865. In 1868, the land was decreed to be sold, was bought by Arnold, and sale confirmed in November of that year, the equity of redemption being barred by terms of the decree. Arnold was placed in possession under this purchase. On the 1st of May, 1865, ten days before Arnold's levy, N. B. Westmoreland commenced an action in the Circuit Court on original attachment, which was levied on this land, claiming a debt of $400, perhaps, but only had judgment on the trial for $5.50 and costs, making $27.81. At the June term, 1868, an order of sale issued on this judgment, and Westmoreland bought the land, bidding debt and costs. At the June term, 1868—the same at which the other judgment was rendered—Vance, by attorney, confessed a judgment in favor of the present defendant, David McCorkle, for $636. By virtue of this judgment McCorkle redeemed the land from Westmoreland, and obtained the deed of the sheriff for the same, thus getting the benefit of Westmoreland's purchase, provided the judgment of McCorkle is a valid judgment.

It is insisted in the bill that this judgment under which McCorkle redeemed was void, and as he redeemed by virtue of it, that he has no title.

The ground on which the judgment is thought to

Arnold *v.* McCorkle.

be void is, that it was confessed by virtue of a power of attorney, no suit having been commenced, and that it does not appear in the record that the evidence of the indebtedness was filed in court.

Art. 2, ch. 12, of the Code, after providing for the confession of a judgment on the part of the party himself, in sec. 2978 provides: "So, also, if the debtor, at the time the debt was contracted, or afterwards, authorizes any person in writing to confess judgment in any court of record, or before any justice of the peace, for the amount of such debts, the person authorized may, after the debt becomes due, go before any justice of the peace, or into any court having jurisdiction of the amount, and confess judgment in favor of the creditor for the amount then due." The next section provides, that "the written evidence of the debt shall be filed, and constitute a part of the record of the cause, and no appeal or writ of error shall be granted from such judgment."

We cannot hold a judgment void because of failure to file the written evidence of the debt in court. This portion of the statute must be held as merely directory, but not a condition precedent to the validity of the judgment. It might well be, that in many cases a debt might be justly due, upon which a party might wish to confess a judgment, and save the costs of a suit, not evidenced at all by writing. The directory portion of the statute could not apply well to such a case; and we may well, in a case like this, presume this to have been such a case. At any rate, the party who is subjected to the lia-

bility does not complain of the judgment, and no third party can intervene to relieve him of a judgment to the rendition of which he consented.

This is conclusive of this case, as there is nothing in the question of obtaining the tax titles. Whether good or bad, the party had a right, if he chose, to strengthen his title by purchasing any other outstanding title, without in anywise thereby abandoning his own title previously possessed. As to the charge of fraud, there is no evidence tendered to support it whatever.

The decree of the Chancellor must be reversed, and the bill dismissed with costs.