THOMAS M. MATHEWS v. WILLIAM H. LIGHTNER.[1]

January 31, 1902.

Nos. 12,802—(182).

### Marketable Title.

A title is not unmarketable where no question of fact is involved, and it is good as a matter of law.

### Contingent Interest—Judgment in Action to Quiet Title.

A contingent interest in real estate is bound by a judgment in an action to quiet the title thereto where the court has before it all the parties that can be brought before it, and it acts on the property according to the rights that appear, there being no fraud or collusion. Mayall v. Mayall, 63 Minn. 511, followed.

### Action to Determine Adverse Claims.

An action to determine adverse claims to real estate given by G. S. 1894, c. 75, is substantially an equitable one, and, except as otherwise provided by statute, all the ordinary rules governing suits in equity to quiet title apply to the action.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., sustaining a general demurrer to the complaint. Affirmed.

*Durment & Moore,* for appellant.

*Young & Lightner,* for respondent.

START, C. J.

Action to recover the sum of $100 paid to the defendant on account of the purchase price of a lot in the city of St. Paul, which the defendant agreed to convey to the plaintiff, on the ground that the defendant's title thereto is unmarketable. The complaint sets out in detail the defendant's title to the lot. A general demurrer to the complaint was interposed, and the plaintiff appealed from the order sustaining it.

The question for our consideration is whether the facts alleged in the complaint show that the defendant has a good marketable title to the lot. A title is not unmarketable where no question of fact is

[1] Reported in 88 N. W. 992.

involved, and it is good as a matter of law. Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99. Hence another form of the question is: Do the facts alleged in the complaint as to the defendant's title justify the conclusion of law that he owns the lot in fee simple? The ultimate facts here material alleged therein are these: On November 12, 1859, Mr. John R. Irvine and wife, then being the owners in fee of the lot, executed and delivered to their daughter, hereafter referred to as Mrs. Gorman, a deed thereof, wherein she was designated as the party of the second part. The grantors in the deed thereby sold and conveyed to the party of the second part and her heirs the lot,

"To have and to hold the same  *  *  *  unto the  *  *  *  party of the second part for and during her natural life, without power of alienation, and after her death to her heirs and their assigns, forever."

Mrs. Gorman and her husband are living. She has only one child, a daughter, who also has but one child, a daughter, who is a minor. The grantors, Mr. and Mrs. Irvine, died prior to the year 1899, leaving, them surviving, children other than Mrs. Gorman, and children of deceased children, who are the nephews and nieces of Mrs. Gorman, all of whom are now living. On or about July 1, 1898, the defendant, claiming to be the owner of the lot by virtue of a tax title, brought an action of ejectment against Mrs. Gorman and her husband to recover possession thereof, and such proceedings were had in that action that on July 25, 1898, judgment was entered in favor of the plaintiff therein for the recovery of the possession of the lot. Thereafter, and on March 14, 1899, the defendant, then being in possession of the lot, brought an action in the district court of the county of Ramsey to quiet his' title thereto against Mrs. Gorman and her husband, her daughter, and her granddaughter. The action was in form one to determine adverse claims to real estate, as provided by G. S. 1894, c. 75. The court duly acquired jurisdiction of all of the defendants in that action, and, on June 28, 1899, judgment was duly entered therein adjudging that none of the defendants had any right, title, estate, or interest in or lien upon the lot, but that the defendant herein was the sole owner thereof.

The defendant claims that by virtue of this judgment his title to the lot is perfect, for the reason that all persons who might now or hereafter claim under the deed thereof to Mrs. Gorman are barred from all interest therein by the judgment. The plaintiff, on the other hand, claims that the deed created a contingent remainder in the heirs of Mrs. Gorman; hence until her death it is uncertain who will be entitled to this remainder.

Conceding, without so deciding, that the deed in question vested in Mrs. Gorman only a life estate in the lot, and created a contingent remainder, as plaintiff claims, still the district court had power to acquire jurisdiction over all parties interested in the contingent remainder, and by its decree determine their rights. This conclusion necessarily follows from the equity doctrine that the general rule that only those who are parties to a suit are affected by the decree is subject to the exception that, where the subject-matter of the action is the determination of the title to real estate, if all parties are brought before the court that can be brought before it, and it acts on the property according to the rights that appear, there being no fraud or collusion, its decision is conclusive as to the state of the title, and binds all contingent interests in the real estate. In such a case it is sufficient to bring before the court the first tenant in tail in being, and, if there be none, the first person entitled to the inheritance, and, if there be none, then the tenant for life; for all other parties who may at any time claim a contingent remainder or other contingent estate are bound, upon the principle of representation, by the decree adjudging the title. The rule is based upon necessity, for it would be intolerable injustice if the owner of real estate could not have his title quieted where there was a claim of an outstanding contingent remainder which might possibly vest in persons not then in being.

It is unnecessary to discuss the rule or cite authorities in support of it, for it is and has been the settled law in this state since the decision in the case of Mayall v. Mayall, 63 Minn. 511, 65 N. W. 942, which cannot be distinguished in principle from the one here under consideration. It only remains to inquire whether the rule was complied with in this case. It certainly was as to parties, for

not only was the life tenant made a party to the action to quiet
the title, but also the first person entitled to the inheritance in
case she survived the life tenant, and the second person entitled
thereto in case she survived the life tenant and the person first
entitled to the inheritance.

But the plaintiff claims that an action to determine adverse
claims to real estate under G. S. 1894, c. 75, is a statutory action,
and not an equitable one; hence the equitable rule does not here
apply.   Whether the statutory action to determine adverse claims
is strictly a legal or equitable action has never been directly de-
termined by this court.   See Bausman v. Faue, 45 Minn. 412, 416,
48 N. W. 13.   It has, however, been repeatedly recognized by the
courts of this state as an equitable action as distinguished from an
action at law.   The purpose of the statute in giving the action
is to afford an easy and expeditious mode of quieting title to real
estate.   Steele v. Fish, 2 Minn. 129 (153).   This result is secured
by enlarging the power of the court to determine adverse claims
to land and to quiet the title thereto in cases where, by the strict
rules of a court of equity, no action could be maintained to quiet
title and remove clouds thereon.   It logically follows that the
action, although a statutory one, is substantially an equitable one,
unless the issues made by the answer and reply are strictly legal
ones, and that, except as otherwise provided by statute, all the
ordinary rules governing suits in equity to quiet title apply to
such action.   17 Enc. Pl. & Pr. 292.   We therefore hold that the
district court in the action to quiet title to the lot here in question
acquired jurisdiction to determine the title thereto, and to bind
by its decree all interests or claims, whether contingent or other-
wise, therein or thereto; hence the defendant's title is good as a
matter of law, and marketable.

Order affirmed.