6873

## HUNT v. GOWER.

EQUITY—REMAINDERMEN.—An action by a devisee in possession of
    devised land, having acquired title of another devisee, against
    remaindermen in *esse,* for construction of the will, alleging that he
    holds a fee simple estate in the land, asking for partition if claim of
    others should be decreed valid, and sale and change of investment is
    in equity, and rights of remainderman not in *esse* are bound by
    decree.

Before KLUGH, J., Greenville, January, 1908. Affirmed.

Action by T. F. Hunt against T. C. Gower. From Cir-
cuit decree, defendant appeals.

*Mr. W. P. Conyers,* for appellant. No citations.

*Messrs. Morgan & Morgan,* contra, cite: *The proceedings to construe will was in equity:* 2 Rich. Eq., 321; 64 Am. St. R., 834; 5 Rich. Eq., 327; 3 S. C., 546; 22 S. C., 77.

April 18, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. By a contract dated 4th March, 1907, plaintiff, T. F. Hunt, agreed to make the defendant, T. C. Gower, a good fee simple title to a tract of land described in the complaint, free from all liens and contingencies, for six thousand dollars. Defendant, having paid one thousand dollars and entered into possession under the contract, declined to accept the title and pay the remainder of the purchase money on the ground that plaintiff could not make a good fee simple title, free from liens and encumbrances. Thereupon the plaintiff instituted this action for specific performance. The Circuit Court held the title good and made a decree requiring the defendant to carry out his contract.

Both parties agree that Emma W. Mayberry had a good title to the land at the time of her death, 2d June, 1899. She left as her sole heirs her husband, William W. Mayberry, and her son, Edward F. Mayberry. By her will she disposed of her real estate as follows: "2d. I desire that my husband, William W. Mayberry, and my son, Edward F. Mayberry, share equally the rents, profits and income of my real estate for the period of their natural lives. 3d. In the event of the death of either one, the surviving one shall then enjoy the entire income for his natural life. 4th. Should my son at the time of his death leave children, *then his rights* in the real estate shall descend to them and their children; and the same as to my personal property left to him in this will. 5th. Should my son die without heirs, I bequeath my real estate to the vestry of Christ Church, Greenville, the rents and profits to be held or used by them for a second Episcopal Church in the city of Greenville."

William W. Mayberry and Edward F. Mayberry were appointed executors of the will, but the latter alone qualified. By his deed of 25th January, 1900, William W. Mayberry conveyed to Edward F. Mayberry all his interest in the real estate devised by Emma W. Mayberry. Though it is not specifically stated in the record that the plaintiff has acquired the title of Edward F. Mayberry, we assume that to be the fact, as it is agreed the case depends on the soundness of his title.

On 8th June, 1900, Edward F. Mayberry brought an action against his wife, Alicia Mayberry, and his two minor children, Alicia R. Mayberry and Emma Westfield Mayberry. In his complaint, after setting out the will, he alleges the real estate to be subject to a mortgage for three thousand dollars, and to be so unproductive as to afford scarcely sufficient revenue to pay the taxes and interest on the mortgage debt. He further alleged that, under the terms of the will of his mother and the conveyance from his father, he had an absolute fee simple title to the land. There were other allegations not germane to this controversy. The prayer of the complaint was: "That the will of his mother, the said Emma W. Mayberry, may be construed by this honorable Court and the rights of all parties in the premises be determined; that if it should be held that the plaintiff holds said premises, or any part thereof, in common with any other person or persons, then that said premises may be partitioned, and, if partition be impracticable, that the said premises be sold for division; and if it be held that plaintiff's interest in the said premises is less than a fee simple therein, then that he may be allowed to sell said premises for the purpose of paying the said mortgage and for a change of investment, and for such other and further relief as to the Court may seem proper." Before the hearing of the cause the infant child, Alicia R. Mayberry, died. E. M. Blythe was duly appointed guardian *ad litem* of the other child, Emma W. Mayberry, and appeared and answered in her behalf.

Upon hearing the cause, Judge Buchanan decreed that under the will and by virtue of his father's conveyance to him, Edward F. Mayberry held a fee conditional title, and having issue of his body could convey a good title in fee simple. In this case, Judge Klugh held the title of Edward F. Mayberry to have been adjudicated by the decree of Judge Buchanan in the former action, and on this ground required the defendant to comply with his contract.

By his first exception, the defendant submits Judge Klugh erred "in not holding that the case of *Edward F. Mayberry v. Alicia R. Mayberry et al.* was a proceeding merely to obtain a construction of the will of Emma W. Mayberry, without any element of trust or other equitable feature, and that equity had no jurisdiction to entertain such a suit, and that the decree rendered therein bound only those persons who were actually parties to that action." The objection is without foundation. The land was encumbered and unprofitable, because of the doubt as to the rights of the parties. The plaintiff being the executor of the will of his mother, a devisee entitled to at least a life estate, and also the sole heir after the conveyance from his father, was presumably in possession of the land. The action was, therefore, not on the law side of the Court for the recovery of possession, but was purely equitable to have the will construed, to the end that partition should be decreed if the claim of the others to an interest in the land should be adjudged valid; and if not, to remove the cloud which arose from the terms of the will from the plaintiff's title. *Gibbes v. Elliott,* 5 Rich. Eq., 327.

It is well settled that the rights of contingent remaindermen not *in esse* may be finally adjudged when the remaindermen *in esse* are made parties as representatives of the class. *Van Lew v. Parr,* 2 Rich. Eq., 322; *Bofil v. Fisher,* 3 Rich. Eq., 1; *Faber v. Faber,* 76 S. C., 156.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.