R. BUCHAN, Appellee, v. GERMAN AMERICAN LAND Co. et al., Appellants.

**JUDGMENT:** Conclusiveness of Adjudication—Persons Concluded
1 —Unborn Children.   The *contingent* interest of *unborn* children in real estate may be validly cut off by a judgment in a good-faith action to quiet title.   For instance, if all living children who are interested in the property are brought before the court, and they have identically the same interest which an after-born child would have, then a decree that the living children have no interest is binding on unborn children, on the necessary theory that, in said action, the living children represent the unborn.   So held where the issue in an action to quiet title was whether a devisee took a fee simple title or whether he took a life estate with remainder to his *surviving* children.

**VENDOR AND PURCHASER:** Performance of Contract—Title and
2 Estate of Vendor—Marketable Title.   A title which is good as a matter of *law* is not rendered unmarketable by the *possibility* that vexatious litigation might be instituted in relation thereto, nor by the fact that attorneys had advised against accepting the land as security for a loan.

**VENDOR AND PURCHASER:** Forfeiture of Contract—Notice, etc.
3 Record reviewed, and held to justify the forfeiture, under Section 4299, Code, 1897, of a contract of sale of real estate.

*Appeal from Palo Alto District Court.*—N. J. LEE, Judge.

THURSDAY, SEPTEMBER 20, 1917.

RAHYMOND BUCHAN died testate March 23, 1907, in Champaign County, Illinois.   The material portions of his will are as follows:

"* * * To my wife M. J. Buchan I give all of my household goods of every description and one third of net income from all my lands during her life. * * * My son, Raymond, I give the East half of Sec. 23 and NW¼ Sec. 23 and the North 120 acres of the West ½ of the West ½ of Sec. 24 all in Vernon Township, Palo Alto County, Iowa, * * * This instrument I write October 16, 1906, hereby revoking my former will. * * * Each and all of them shall keep and improve these lands subject to my wife's dower interest during their lives, at their deaths it shall go to their children from their own bodies, in case no child from their own, then it shall go to the nearest heirs of my body and my personal property after Jay and Collin all of my teams and agricultural implements and my shares in Elevator and Threshing Companies, then my wife, Mary, Jay and Collin shall get all of the other property. Nothing to be collected from Rahymond. James shall pay Collin $1,500 to be put in improvements on his Palo lands and he shall see that it is done. * * *""

Separate tracts were given to each of his sons and to his daughter, Mary. The foregoing will was admitted to probate in the county court of Champaign County, Illinois, and subsequently, October 17, 1908, as a foreign will, in Iowa. On August 27, 1913, appellee entered into a contract in writing, by the terms of which he agreed to furnish abstract showing a good, merchantable title to the above described real estate, March 1, 1914, and convey the same to the German American Land Company, Incorporated, appellant herein, for a consideration of $57,000, to be paid: $1,000 cash at the time of the execution of the contract; $9,000, April 1, 1914, with interest at 5½ per cent; and $7,000, March 1, 1916, with interest at 6 per cent; the payment of the balance to be arranged by the purchaser's obtaining a loan upon the premises in a sum not less than $18,000 and executing a second mortgage thereon to plain-

tiff to secure the payment of the balance on or before March 1, 1924.

Plaintiff brings this action to cancel the contract and quiet title to the real estate against the German American Land Company, Incorporated, and the other defendants named, who had become interested therein as purchasers through the land company. Plaintiff alleged in his petition that the defendant failed to make payments as provided by the contract, and to otherwise carry out its terms. The defendants, except the land company, filed disclaimers. The land company filed answer alleging its readiness and ability to carry out the contract had appellee furnished an abstract showing good, merchantable title and complied with the terms of the contract upon his part.

More than thirty days before this suit was brought, appellee served a notice upon each of the defendants of his intention and purpose to forfeit the contract, and declaring same forfeited under the provisions of Sections 4299–4301 of the Code. Decree was entered in favor of plaintiff as prayed. The defendant land company appeals.—*Affirmed.*

*A. C. Johnston* and *C. W. Piersol,* for appellant.

*E. A.* and *W. H. Morling,* for appellee.

STEVENS, J.—I. The argument of appellant is that the will of Rahymond Buchan devised to plaintiff a life estate only, and that, when the time arrived for consummating the sale, he was not possessed of a merchantable title. On the other hand, appellee construes the will in question as giving him the land absolutely, in fee.

1. JUDGMENT: conclusiveness of adjudication: persons concluded: unborn children.

On or about September 26, 1908, Raymond Buchan, appellee herein, filed a petition in the office of the clerk of the district court of Palo Alto County, making each of his

brothers who were married, their wives, their children, two brothers who were unmarried, his unmarried sister, the surviving widow of testator, and plaintiff's wife and children, parties defendant. All were personally served with original notice of the suit, and in due time a guardian *ad litem* was appointed by the court and filed answer for all of the defendants who were minors.

Upon final hearing, the court in its decree found that plaintiff was, by said will, devised an absolute fee, subject only to the right of M. J. Buchan, the surviving widow of testator, to receive one third of the net income derived from said premises so long as she should live, and quieted title in plaintiff against all of said defendants in accordance with said finding. The decree entered in this suit is dated October 7, 1908. No appeal was taken therefrom, and subsequently M. J. Buchan quitclaimed her interest to plaintiff.

From the foregoing statement, it will be observed that the court, at the time of rendering said decree, had jurisdiction of all living persons who, by any possibility, could have any interest in said real estate. The judgment therein rendered is, of course, binding, in the absence of fraud, upon all adult defendants and all minors represented by guardian *ad litem*. *Bingman v. Clark*, 178 Iowa 1129; *Bickel v. Erskine*, 43 Iowa 213; *Harris v. Bigley*, 136 Iowa 307.

Counsel for appellants do not contend that the decree is not binding upon all adult parties thereto, but insist that there is yet time for some of the defendants who were minors to involve the title in litigation upon the ground of fraud in obtaining the decree; but it is not claimed by them that there was fraud or anything upon which even a suspicion thereof can be predicated. It is also the contention of appellant that children may hereafter be born to plaintiff and his brothers and sister, and that such possi-

bility clouds the title to said real estate, and may subsequently involve the same in litigation.

The general rule that only parties and those in privity with them are bound by a judgment is not without some exceptions, one of which is that where, without fraud or collusion, all the parties are brought before the court that can be brought before it, and the court acts on the property according to the rights that appear, its judgment is conclusive as to the title, and binds all contingent interests in the real estate. Persons not *in esse* at the time of the rendition of the decree in question, but who, upon coming into being, might have some possible contingent interest in said property, would necessarily be of the same class as some of the defendants named in said suit, and the judgment entered therein was binding, not alone upon the living parties thereto, but as well upon all those who might thereafter come into being. Whether this rule has been previously recognized or applied in this state or not, it prevails in every other jurisdiction where the question has been presented. This rule and the reasons therefor are well stated in the following cases.

"Conceding, without so deciding, that the deed in question vested in Mrs. Gorman only a life estate in the lot, and created a contingent remainder, as plaintiff claims, still the district court had power to acquire jurisdiction over all parties interested in the contingent remainder, and by its decree determine their rights. This conclusion necessarily follows from the equity doctrine that the general rule that only those who are parties to a suit are affected by the decree is subject to the exception that, where the subject matter of the action is the determination of the title to real estate, if all parties are brought before the court that can be brought before it, and it acts on the property according to the rights that appear, there being no fraud or collusion, its decision is conclusive as to the state of the title,

and binds all contingent interests in the real estate. In such a case it is sufficient to bring before the court the first tenant in tail in being, and, if there be none, the first person entitled to the inheritance, and, if there be none, then the tenant for life; for all other parties who may at any time claim a contingent remainder or other contingent estate are bound, upon the principle of representation, by the decree adjudging the title. The rule is based upon necessity, for it would be intolerable injustice if the owner of real estate could not have his title quieted where there was a claim of an outstanding contingent remainder which might possibly vest in persons not then in being." *Mathews v. Lightner*, (Minn.) 88 N. W. 992.

"But the question is whether the court has the power, by its decree, to alienate the contingent titles of unborn remaindermen, who, from the nature of things, cannot be made parties, or be represented in the proceedings before the court, or to alienate the contingent title of persons who, though *in esse*, are resident in other states or in foreign lands, whose residences and even whose names are unknown. To say that the court could not, under circumstances like these, convey away the fee, would be to assert a doctrine that would render conditional limitations and contingent remainders an intolerable evil to a growing and prosperous community. Thus to shackle estates without the power of relief unless every person having a contingent and possible interest could be brought before the court, would be to sacrifice the rights and interests of the present generation to those of posterity, and of citizens to aliens. If the whole property of the country were thus situated, it is obvious that all improvement and advance would be completely checked." *Hale v. Hale*, (Ill.) 33 N. E. 858.

See, also, *Hopkins v. Patton*, (Ill.) 100 N. E. 992; *Kent v. Church*, (N. Y.) 32 N. E. 704; *Perkins v. Burlington*

*Land & Improvement Co.,* (Wis.) 88 N. W. 648; *Hermann v. Parsons,* (Ky.) 78 S. W. 125; *Evans v. Wall,* (Mass.) 34 N. E. 183; *Doremus v. Dunham,* (N. J.) 37 Atl. 62; *Hunt v. Gower,* (S. C.) 128 Am. St. Rep. 862 (61 S. E. 218); *Coquilliard v. Coquilliard,* (Ind.) 113 N. E. 481; *Freeman v. Freeman,* 65 Tenn. 301; *Miller v. Texas & Pac. R. Co.,* 132 U. S. 662; *Glover v. Bradley,* 233 Fed. 721; *Ridley v. Halliday,* (Tenn.) 61 S. W. 1025; *Los Angeles County v. Winans,* (Calif.) 109 Pac. 640; *Letcher v. Allen,* (Ala.) 60 So. 828; 3 Devlin, Real Estate (3d Ed.), Sec. 1494; *Harrison v. Walltou's Exr.,* (Va.) 30 S. E. 372; *Love v. Lindstedt,* (Ore.) Ann. Cases 1917A, 898, and note; *Rutledge v. Fishburne,* (S. C.) 97 Am. St. Rep. 757, and note.

In view of what is said above, it is wholly unnecessary for us to undertake a construction of the will in question, further than to say that it quite clearly was not the intention of testator to devise to plaintiff a life estate in the property; and, in view of the binding character of the decree to quiet title, it is immaterial whether the estate granted is an absolute or defeasible fee.

II.   It appears to be conceded that the application of appellant for a loan upon the premises in question was declined by some one or more loan companies upon the ground that the title was unmerchantable. The only objections now urged to the title arise out of the construction of the will. It is urged by counsel for appellant that the title is subject to vexatious and hazardous future litigation, and that appellee has, on account thereof, wholly failed to comply with his agreement to furnish an abstract showing a good, merchantable title.

2. VENDOR AND PURCHASER: performance of contract: title and estate of vendor: marketable title.

To be unmerchantable upon the objection that the title is subject to future litigation, some defect must exist in the record title, or there must be some known fact

which casts doubt thereon. The definition of merchantable title, as adopted in this state, is stated in *Billick v. Davenport,* 164 Iowa 105, as follows:

"Such a title is said to be one which can again be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence as security for a loan of money. * * * The test is whether a reasonably prudent man, familiar with the facts and apprised of the question of law involved, would accept such a title in the ordinary course of business."

See, also, *Fagan v. Hook,* 134 Iowa 381.

It has been held that a title which exposes the party holding it to litigation is not marketable. *Swayne v. Lyon,* 67 Pa. 436; *Miller v. Bronson,* (R. I.) 58 Atl. 257. While the law does not compel a purchaser to accept a doubtful title, there must be something more than a mere possibility that the title is defective. *Miller v. Cramer,* (S. C.) 26 S. E. 657. A threat or even a possibility of a contest will not be sufficient. *Gill v. Wells,* 59 Md. 492. In the following cases, which present a considerable variety of alleged defects in titles, the titles were, nevertheless, held marketable: *Singleton v. Close,* (Ga.) 61 S. E. 722; *White v. Bates,* (Ill.) 84 N. E. 906; *Ditchey v. Lee,* (Ind.) 78 N. E. 972; *Prichard v. Mulhall,* 140 Iowa 1; *Archer v. Jacobs,* 125 Iowa 467; *Kendall v. Crawford,* (Ky.) 77 S. W. 364; *Mathews v. Lightner,* supra; *Zelman v. Kaufherr,* (N. J.) 73 Atl. 1048; *Reece v. Haymaker,* (Pa.) 30 Atl. 404.

It was held in *Mathews v. Lightner,* supra, that a title is not unmarketable where no question of fact is involved and it is good as a matter of law. No specific objection to the title in question appears to have been made by appellant, but it is claimed that its application for a loan had been denied upon the ground that the title was defective in the particulars heretofore discussed. Attorneys who examined the abstract expressed doubt concerning the mer-

chantability of the title and advised against accepting the same as security for a loan. No question of fact or of the record title is involved, but only questions of law. The conveyance by the surviving widow of her interest to plaintiff, together with the decree quieting title in him, removed every cloud from his title. *Archer v. Jacobs,* supra. The title had been perfected in plaintiff, and must be held merchantable, under the definition of that term heretofore adopted by this court.

3. VENDOR AND PURCHASER: forfeiture of contract: notice, etc.

III.   Finally, it is contended by counsel for appellant that plaintiff is not in position to insist upon a default, and that he has failed to comply with his contract and furnish an abstract showing a merchantable title, and that, therefore, the court erred in quieting title against it.   Notice of the election of appellee to forfeit the contract under the statute was served upon all persons concerned, as required thereby. The provisions of the contract in this respect were strictly followed. The court ruled against the contention of appellant in *Ashford v. Meyer,* (Iowa) 125 N. W. 194 (not officially reported), which is controlling in this case.

Some other questions are discussed by counsel, but, in view of what has been said above, it will not be profitable to discuss them in this opinion.

The finding and decree of the trial court were right, and should be and are—*Affirmed.*

Gaynor, C. J., Weaver and Preston, JJ., concur.