ESTATE OF J. P. ARMSTRONG, M. B. MERTZ, GEORGIA C. ARMSTRONG, AND WILLIAM M. ARMSTRONG, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 232. Promulgated September 23, 1943.

R. B. Blackburn, Esq., for the petitioner.
J. Marvin Kelley, Esq., for the respondent.

OPINION.

DISNEY, *Judge:* This case involves income tax in the amount of $30.80 for the calendar year 1940. All facts were stipulated, and we find the facts to be as so stipulated. The only question involved is whether the petitioner shall be considered an estate or a trust, for the purpose of determining the amount of credit against net income under section 163 (a) (1) of the Internal Revenue Code.[1] The petitioner contends that it is an estate and is entitled to a credit of $800 against net income, while the respondent contends the petitioner is a trust and is entitled to a credit of only $100 against net income.

The facts may be briefly stated as follows:

J. P. Armstrong died in 1923, leaving a will which was duly probated in the Court of Ordinary of Fulton County, Georgia. The proceeding in that court has never been closed. The will provided in material substance that the testator's wife should, during her lifetime, receive the income from all of the testator's property to the extent of $400 a month; that subject to such provision all real and personal property was left in equal parts to five persons, including the testator's wife, this provision being conditioned upon the payment by the devisees of all physicians' bills and funeral expenses connected with the death of the testator and with the death of his wife; that if the income from the property should be insufficient to pay the income provided for the testator's wife, the wife might require the property to be sold to pay to her such income to the extent of $400 per month by written demand upon the executors; that after the death of the wife, her one-fifth interest should pass equally to the four remaining devisees; that the testator's stock in R. S. Armstrong & Bro. Co. should be voted at stockholders' meetings by the devisees, each voting his pro rata portion thereof, in order that control of the company should remain in the hands of the "present stockholders" as

[1] SEC. 163. CREDITS AGAINST NET INCOME.

(a) CREDITS OF ESTATE OR TRUST.—

(1) For the purpose of the normal tax and the surtax an estate shall be allowed the same personal exemption as is allowed to a single person under section 25 (b) (1), and a trust shall be allowed (in lieu of the personal exemption under section 25 (b) (1)) a credit of $100 against net income.

long as possible; that three executors were named, including the wife; that all three of the executors might sell any or all of the property at their discretion.

The testator's property consisted of a small amount of personal property, undivided interests in certain real estate, and half of the corporate stock of R. S. Armstrong & Bro. Co. All of the estate was reduced to possession on October 15, 1924, by the executors named in the will and has remained intact in their possession and continued so to be held at the time of trial.

The executors have made annual returns for all years from 1923 to 1942, inclusive. All of the debts of the decedent were paid within a year from the date of his death. All income received by the executors has consisted of rents from the real properties and, except for the sum of $400 per month payable to the widow, all disbursements of the executors have been in connection with the expense of maintaining such properties.

The widow of the testator is still alive.

Under the above facts is the petitioner an estate or trust?

The question is one primarily of definition. Section 163 (a) (1) of the Internal Revenue Code provides for credit of $100 against net income in the case of a trust and by reference to section 25 (b) (1), allows a credit of $800 in case of an estate. The internal revenue law provides no definition either of estate or trust. However, Regulations 103, section 19.162–1, with reference to income of estates and trusts and construing section 162 of the Internal Revenue Code, after stating that the income of an estate of a deceased person as dealt with in the Internal Revenue Code is therein described as received by the estate during the period of administration or settlement thereof, goes on to state:

* * * The period of administration or settlement of the estate is the period required by the executor or administrator to perform the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies. It is the time actually required for this purpose, whether longer or shorter than the period specified in the local statute for the settlement of estates. If an executor, who is also named as trustee, fails to obtain his discharge as executor, the period of administration continues up to the time when the duties of administration are complete and he actually assumes his duties as trustee, whether pursuant to an order of the court or not. * * *

Regulations 103, section 19.163–1, covering the statute here involved, throws no light on the subject. Both parties have cited cases from the Georgia courts on the subject, but the cases are not in harmony as to whether, in cases of facts similar to those herein involved, there was estate or trust. It appears from the reading of many Georgia cases that it is not unusual in that state for estates to be left open for a considerable period of time, and the parties seem to agree

that there is no requirement in the state statute with respect to the period in which the administration of an estate must be closed. The petitioner argues that under the will here involved the administration of the estate was continuing in order to carry out the wishes of the testator; whereas the respondent's contention is, in effect, that, inasmuch as the decedent's debts were paid within about a year from the date of his death in 1923 and all property was devised subject to a charge in favor of the wife for $400 per month income from the income of the property, or, if necessary, from the sale of the property itself, in such situation executors had ceased to be such and had become trustees for the wife.

The petitioner cites, among other cases, *Thomas* v. *Owens*, 131 Ga. 248; 61 S. E. 218, where under a situation somewhat similar to that here confronting us, the Supreme Court of Georgia holds that the executor was not a trustee for the legatees; whereas under *Bell* v. *Watkins*, 104 Ga. 345; 30 S. E. 756, that court in an analogous situation, where a will provided for support during the life of a granddaughter, also for devise of the estate, held that the property "was impressed with the trust, or a charge in the nature of a trust, for the support of the granddaughter, and the holders of it were trustees of it to this extent."

In our opinion, this is not a matter controlled by state decisions, in that it is not a matter of local rules of property, but one where under *Burnet* v. *Harmel*, 287 U. S. 103, we must ascertain criteria for construction of an act of Congress, and if regulations upon the subject are fairly and reasonably within power of the Commissioner, we should look to such regulations. This is a case of determining whether the facts involved in a will and its probate indicate an "estate" or a "trust" under the Federal statute. Interpretation therefore should be so as to give "a uniform application to a nation-wide scheme of taxation." We think that the regulation to the effect, as above seen, that a period of administration or settlement of an estate is the period required to perform the ordinary duties pertaining to an administration, is a valid and reasonable interpretation of the statute on this subject and that since it is plain herein that, the estate having been reduced to possession and the debts of the testator having been paid, many years ago, the "ordinary duties pertaining to administration" have long since been completed, that thereafter for the purpose of the Federal statute the executors should be considered to have continued their activities as trustees, and not longer as executors. The regulation in substance designates, for the purpose of the Federal statute, the period of administration as one depending upon actual time required to perform ordinary duties of administration; which is tantamount to saying that the estate as such lasts only during such period. We think the fact that the administration

of estates may, under the Georgia law, be left open in order to carry out the wishes of the testator in matters not pertaining to ordinary administration, paying debts, winding up the estate and distributing it, can not avail to define for the purpose of the Federal statute an estate as being something more extensive than contemplated by the regulation. Though the petitioner points to Regulations 103, section 19.3797–3, to the effect that the term "trust" as used in the Internal Revenue Code refers to an ordinary trust created by will or declaration by the trustees or grantor, "the trustees of which take title to the property" and contends that there is no trust here because none was specifically provided and because title to property did not go to the executors, examination of that section of the regulations indicates that a distinction is there being made between ordinary trusts created by will or declaration, and associations. The heading of the paragraph is "Association distinguished from trust." We consider that section of the regulations as not upon the particular subject here at hand and that section 19.162–1, having direct reference to the income of estates, is applicable to the statute here involved, which provides credit "against net income." Finding that regulation to be a valid interpretation of the statute, we conclude that on the facts herein involved the executors were in the position of trustees during the taxable year, and that the petitioner is a trust, and not an estate, under section 163 (a) (1) of the Internal Revenue Code.

We therefore conclude and hold that no error has been shown in the denial of a credit of $800 under that section, but that the credit of $100 was properly allowed.

*Decision will be entered for the respondent.*