CARO DU BIGNON ALSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7898.   Promulgated March 10, 1947.

*Henry J. Miller, Esq., P. H. Alston, Esq.,* and *Hilary H. Gardner, C. P. A.,* for the petitioner.

*D. D. Smith, Esq.,* for the respondent.

528

OPINION.

Harron, *Judge*: Under section 161 (a) (3) of the Internal Revenue Code an estate is a taxable entity "during the period of administration or settlement of the estate." The Commissioner, by section 19.162–1 of Regulations 103, has construed the statutory provisions as follows:

* * * The period of administration or settlement of the estate is the period required by the executor or administrator to perform the ordinary duties pertaining'to administration, in particular the collection of assets and the payment of debts and legacies. It is the time actually required for this purpose, whether longer or shorter than the period specified in the local statute for the settlement of estates. If an executor, who is also named trustee, fails to obtain his discharge as executor, the period of administration continues up to the time when the duties of administration are complete and he actually assumes his duties as trustee, whether pursuant to an order of the court or not. * * *

In this case petitioner does not contend that the regulation of the Commissioner is invalid. She contends, rather, that the "time actually required for" performance by the executrix of the estate of "the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies," extended beyond the year 1940 through and including the year 1941, at least.

The deficiency in this case relates only to the year 1941. The Commissioner has determined that the estate of Robert C. Alston was not in process of administration during the year 1941, and, having made

that determination, he has taxed petitioner upon the net income of the estate for the year 1941.

Petitioner is the sole legatee of the estate. Upon termination of the period of administration, the assets of the estate become her property. The assets consist chiefly of income-producing securities. The determination of the respondent in effect treats the estate property as distributable after December 31, 1940, so that the income thereof is taxable to petitioner, individually, as the owner or distributee of the property. In fact, there were no distributions of the corpus of the estate to petitioner until 1942, when the securities were transferred of record into her individual name.

In *Estate of J. P. Armstrong*, 2 T. C. 731, 734, this Court held that the regulations represented "a valid and reasonable interpretation of the statute on this subject" in so far as they provided "that a period of administration or settlement of an estate is the period required to perform the ordinary duties pertaining to administration." In that case, which involved the estate of a decedent who died domiciled in Georgia, the will was probated in 1923. The executors made annual income tax returns for the estate for the years 1923 through 1942, inclusive. The Commissioner determined that the period of administration of the estate ended with the year 1939 and that thereafter, in the year 1940, the estate was no longer an "estate," but was a "trust." We sustained the determination. In so doing, we recognized that in the State of Georgia it is not unusual "for estates to be left open for a considerable period of time," and that in Georgia "there is no requirement in the state statute with respect to the period in which the administration of an estate must be closed." It appears that in *Estate of J. P. Armstrong, supra,* the executors had not filed a final report and accounting for the estate in a Georgia Court of Ordinary up to 1943, at least, so that they had treated the estate as under administration for a period of at least nineteen years. This treatment was made by the executors despite the fact that all of the estate was reduced to possession by October 15, 1924, and all of the decedent's debts were paid within about a year after the death of the decedent, J. P. Armstrong.

This Court expressed the view in *Estate of J. P. Armstrong, supra,* that the question of what constitutes the period of administration of an estate "is not a matter of local rules of property, but one where, under *Burnet* v. *Harmel*, 287 U. S. 103, we must ascertain criteria for construction of an act of Congress, and if regulations upon the subject are fairly and reasonably within the power of the Commissioner, we should look to such regulations." We applied that view in *William C. Chick*, 7 T. C. 1414. The criteria for construing the statutory provision which the Commissioner's regulation provides is entirely a fact matter. In each case, the facts relating to the executor's per-

formance "of the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies," are to be examined.

In the case of *William C. Chick, supra,* the facts showed that the will of the decedent was probated in 1929 and that the last claim against the estate was settled at some time during 1937. The Commissioner determined that the income derived by the estate for the year 1940 was currently distributable to the beneficiaries of a testamentary trust and was, therefore, taxable to them under section 162 (b) of the Internal Revenue Code. In considering the respective contentions of the parties we said:

When this last claim against the estate was settled, we are at a loss to see where there was any reason to prolong the administration any further. We, of course, do not mean to say that the petitioner, as executor of the estate, should have immediately filed his final account as executor in 1937. *Naturally, executors are allowed a reasonable time within which to do these things.* The Commissioner does not contend otherwise. [Italics added.]

In the *Chick* case, the respondent's determination was sustained upon the evidence. The evidence did not show that there was necessity for prolonging the administration of the estate beyond the year 1939, ten years after the death of the decedent, Isaac W. Chick.

In this case, the issue presents a close question when consideration is given to the time periods involved. The decedent, Robert C. Alston, died in 1938. The executrix took steps in 1942 toward distribution of the estate to herself as the sole legatee by having securities of the estate transferred to her individual name. Thus, it appears, the executrix regarded about four years as the time required within which to perform the ordinary duties pertaining to administration. Thus, at the outset. the facts do not indicate that there has been an effort to unduly prolong the period of administration of the estate. The respondent challenges the position taken by the executrix because of two items involved in the accounts of the executrix: (1) An alleged indebtedness of the estate in the amount of $46,600 to the petitioner as an individual, and (2) the settlement of a lien upon 200 shares of Standard Oil stock which is an asset of the estate. Respondent takes the view that there was no "debt" of the estate to petitioner and that the settlement of the lien upon the pledged stock was not an estate matter, but was, rather, a personal matter which could have been disposed of in 1940 rather than in 1941.

There is merit in respondent's questioning of the item of a debt of $46,600, and the findings of fact which have been made support respondent's contentions, in general, that all of the debts of the estate were paid by the end of 1940. But, it is a fact that the Standard Oil stock was not reduced to possession of the estate until some time in

January of 1941, and the facts show that the settlement of the lien upon the stock was a proper matter of administration of the estate. It was not until late in 1940 that the bank which held the pledged stock determined that collection of the balance due on Ann du Bignon's note could not be collected from her without bringing suit on the note. Under the facts and considering all of the circumstances, we do not find any unreasonable prolongation of the administration of the estate in the item of recovering in January of 1941 the last unrecovered asset of the estate.

As we view the facts here, the respondent's determination has been made with disregard of one of the provisions of his own regulations, which is that the period of administration of an estate is the period required by the executor or administrator to make payment of the legacies, *inter alia*. Some time was required to put the assets of the estate in distributable form, and we think that if payment of legacies is narrowly construed to mean only legacies other than the chief bequests to the residuary legatees, here the sole beneficiary, then it would follow that an executor or administrator would not have a reasonable time within which to make his final accounting and arrangements for the closing and last distributions of an estate. The problem here is exactly the kind of problem which was alluded to in *William C. Chick*, *supra*, where we expressed the view that "naturally, executors are allowed a reasonable time within which to do these things." We conclude that the ordinary duties pertaining to administration were not completed by the end of the year 1940, but that the executrix required the year of 1941, at least, to complete the duties of administration. Under the facts, the determination of the respondent is reversed. Since the estate was under administration during 1941, the income which the respondent has taxed to petitioner is, rather, taxable to the estate.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

ARUNDELL, *J.*, concurs only in the result.