*Decision will be entered under Rule 50.*

MARIE B. HIRSCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10280. Promulgated November 5, 1947.

*M. E. Kilpatrick, Esq.*, for the petitioner.
*Bernard D. Hathcock, Esq.*, for the respondent.

898

900

OPINION.

BLACK, *Judge*: The Commissioner has added to the net income disclosed on petitioner's income tax returns for 1940 and 1941, the respective amounts of $29,202.18 for 1940 and $26,484.55 for 1941 and has designated these amounts as "Income from trust under will of Harold Hirsch." It is petitioner's contention that throughout the taxable years 1940 and 1941 the estate of Harold Hirsch was in process of administration, and that the income of the estate is taxable to the executors in their fiduciary capacity, except that which they properly pay or credit during any year to any legatee, heir, or beneficiary. Petitioner cites as the applicable statute the parts of section 162 of the Internal Revenue Code, printed in the margin.[1] Petitioner cites as the

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries, whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the

applicable regulation, section 19.162–1 of Regulations 103, printed in part in the margin.[2]  This regulation has often been approved by this court and other courts.  See *William C. Chick*, 7 T. C. 1414.

There is no dispute as to the amount of income of the estate of Harold Hirsch which was paid to petitioner in each of the taxable years.  She returned that for taxation on her income tax returns and it is not in controversy here.  But the Commissioner has added to petitioner's net income amounts of income of the estate of decedent which were not distributed to her, but which were used by the executors of the estate in the payment of claims against the estate, such as estate taxes to the Federal Government and inheritance taxes to the State of Georgia, and other claims against decedent.

In his deficiency notice respondent does not raise the question that the estate was not in process of administration.  He simply states: "It is held that the income of the trust under the will of Harold Hirsch was distributable to you."  The latter fact is undoubtedly true if and when the testamentary trust should come into possession of the residuary estate.  Petitioner does not dispute that fact at all, but contends, and properly so, we think, that in each of the taxable years the estate was in process of administration and that the executors had possession of the assets of the estate, administering them under the laws of the State of Georgia, and the testamentary trust had not yet begun to function.  The facts with reference to what the executors of the estate were doing during the taxable years 1940 and 1941 have been fully stated in our findings of fact and need not be repeated here.  Suffice it to say that these facts clearly show that the estate of decedent was in process of administration during each of the taxable years here in question.  That fact seems too clear for argument, and to discuss it would only be a waste of words.  Also, it is clear that the administration of the estate was not needlessly prolonged.  Cf. *Caro duBignon Alston*, 8 T. C. 525.  The decedent died September 25, 1939, and he left a large estate, consisting of numerous properties and securities, and there were many matters for his executors to adjust and settle before turning over the residuary estate to the trustees.  On August 10, 1942, when the deficiency in estate tax determined by the Commissioner had been com-

---

estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

[2] The income of an estate of a deceased person, as dealt with in the Internal Revenue Code, is therein described as received by the estate during the period of administration or settlement thereof.  The period of administration or settlement of the estate is the period required by the executor or administrator to perform the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies.  It is the time actually required for this purpose, whether longer or shorter than the period specified in the local statute for the settlement of estates.  If an executor, who is also named as trustee, fails to obtain his discharge as executor, the period of administration continues up to the time when the duties of administration are complete and he actually assumes his duties as trustee, whether pursuant to an order of the court or not.  *  *  *

.promised and settled by the executors, they considered it safe then for them to consider the administration closed and to proceed thereafter in their capacity as trustees of the testamentary trust established by decedent's will. Although the assets of the estate were not at that time formally transferred by the executors to the trustees, this being done at some later date not identified in the record, nevertheless from August 11, 1942, all the income of the estate was treated as the income of the testamentary trust and was accounted for as such.

Therefore, in the light of the foregoing facts, it seems clear that the income of the estate of decedent was the income of an estate in "process of administration" and is taxable as provided in section 162 (c), as petitioner contends, and not as provided by section 162 (b), as contended by respondent. For a full discussion of the two above provisions of the statute, see. *Estate of Peter Anthony Bruner*, 3 T. C. 1051, and *First National Bank of Memphis, Executor*, 7 T. C. 1428. These two cases clearly support petitioner. In both of those cases the shoe was on the other foot from what it is here. The Commissioner was invoking the provisions of section 162 (c) against the estate of the decedent and was contending that section 162 (b) was not applicable while those estates were in process of administration. We sustained him and held against the taxpayers. Respondent, in his brief, undertakes to distinguish these two cases from the instant case, but we regard his effort in that respect as unconvincing. We hold that these cases are controlling in petitioner's favor. See also *Caro duBignon Alston, supra*.

Having decided the main issue in petitioner's favor, it is unnecessary to decide the capital loss issue raised by the petitioner in the alternative. The facts with reference to that issue are stipulated but we have omitted any recital of those facts in this report because it is unnecessary to decide the issue.

There is one small adjustment made by the Commissioner which is not contested; therefore, *Decision will be entered under Rule 50.*